UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FYANCE DAWSON,                     )
                                   )
            Plaintiff *Pro Se*,    )
                                   )
      v.                           )          Case No. 14-CV-2020
                                   )
MICHAEL D. DOWNEY, *et al.*        )
                                   )
            Defendants.            )

**MERIT REVIEW OPINION**

The plaintiff, proceeding pro se and incarcerated in the Sheridan Correctional

Center was granted leave to proceed in forma pauperis in this civil case.  The case is

before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the

Complaint, the Court accepts the factual allegations as true, liberally construing them in

the plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing

in order to give the plaintiff a chance to personally explain his claims to the Court.  The

Court concludes that the plaintiff states the federal claims detailed below.  The case will

accordingly be sent for service.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the

Court finds that the plaintiff states due process claims for failure to protect and

deliberate indifference to plaintiff's medical needs, and procedure due process claim for

being placed in segregation as the result of an alleged disciplinary matter while housed at Jerome Combs Detention Center. The Court also finds the plaintiff has an arguable claim for retaliation for his participation in the alleged incident. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating

service.  Documentation of forwarding addresses shall be retained only by the Clerk

and shall not be maintained in the public docket nor disclosed by the Clerk.

5)     Defendants shall file an answer within 60 days of the date the waiver is

sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all

defenses appropriate under the Federal Rules.  The answer and subsequent pleadings

shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth

Defendants' positions.  The Court does not rule on the merits of those positions unless

and until a motion is filed by Defendants.  Therefore, no response to the answer is

necessary or will be considered.

6)     This District uses electronic filing, which means that, after Defense

counsel has filed an appearance, Defense counsel will automatically receive electronic

notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not

need to mail to Defense counsel copies of motions and other papers that Plaintiff has

filed with the Clerk.  However, this does not apply to discovery requests and responses.

Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his

discovery requests and responses directly to Defendants' counsel.  Discovery requests

or responses sent to the Clerk will be returned unfiled, unless they are attached to and

the subject of a motion to compel.  Discovery does not begin until Defense counsel has

filed an appearance and the Court has entered a scheduling order, which will explain

the discovery process in more detail.

7)     Counsel for Defendants is hereby granted leave to depose Plaintiff at his

place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)      If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)     The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

ENTER: March 27, 2014

FOR THE COURT:

/s/Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE